**NOT FOR PUBLICATION**

**FILED**

APR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK ZAVALA, | No.   16-15984 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-02247-CRB |
| v. | |
| KIM HOLLAND, Warden, and MARTIN BITER, Warden, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted March 3, 2020
San Francisco, California

Before:  SILER,[**] WARDLAW, and M. SMITH, Circuit Judges.

Mark Zavala appeals the district court's denial of his petition for a writ of

habeas corpus under 28 U.S.C. § 2254. We affirm.

We review the district court's denial de novo and review the district court's

factual findings for clear error. *See Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Cir. 2000) (en banc). We can grant habeas relief only if the state court's ruling was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). Additionally, we cannot grant habeas relief for an error unless the error had a "substantial and injurious effect or influence" on the verdict. *Ocampo v. Vail*, 649 F.3d 1098, 1114 (9th Cir. 2011) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

Zavala was convicted of three counts of robbery and one count of assault with a firearm. The jury also found that Zavala discharged a firearm and acted in furtherance of a criminal street gang. We granted a certificate of appealability on one issue: "whether the testimony of the prosecution's gang expert violated appellant's Sixth Amendment right to confrontation." Zavala argues that the testimony of the prosecution's gang expert, Police Sergeant Dan Livingston, included numerous out-of-court statements made by declarants to police officers, which he contends amount to impermissible and prejudicial testimonial hearsay.

The Confrontation Clause states that in criminal cases, the accused has the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. This right applies to the states through the Fourteenth Amendment. *See Pointer v.*

*Texas*, 380 U.S. 400, 403 (1965). Under presently controlling federal precedent, the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). Circuit courts have generally interpreted *Crawford* to allow the introduction of testimonial out-of-court statements offered as the basis of an expert's opinion, so long as the expert is not allowed "simply to parrot" those statements. *United States v. Gomez*, 725 F.3d 1121, 1129 (9th Cir. 2013) (quoting *United States v. Johnson*, 587 F.3d 625, 635 (4th Cir. 2009)) (collecting cases from the First, Second, Fourth, Seventh, and Tenth Circuits); *see also id.* ("The question is whether the expert is, in essence, giving an independent judgment or merely acting as a transmitter for testimonial hearsay. As long as he is applying his training and experience to the sources before him and reaching an independent judgment, there will typically be no *Crawford* problem.") (quoting *Johnson*, 587 F.3d at 635).

Zavala relies on *People v. Sanchez*, 374 P.3d 320, 332–33 (Cal. 2016) (holding that case-specific out-of-court statements offered by an expert and not otherwise admissible are necessarily offered for their truth, in violation of the Confrontation Clause) (citing *Williams v. Illinois*, 567 U.S. 50, 108 (2012) (Thomas, J., concurring); *id.* at 128 (Kagan, J., dissenting)). However, *Sanchez* is not a U.S. Supreme Court decision and Zavala does not cite any U.S. Supreme

Court decision that has applied *Crawford* in the same way as *Sanchez*. *Cf. Williams*, 567 U.S. at 86, 103 (fracturing over whether hearsay used as the basis of an expert's opinion can violate the Confrontation Clause); *id.* at 141 (Kagan, J., dissenting) ("What comes out [of *Williams*] . . . is—to be frank—who knows what.").

We decline to opine on whether the trial court's admission of any number of the out-of-court statements offered by Sergeant Livingston "involved an unreasonable application of . . . clearly established federal law," 28 U.S.C. § 2254(d), whether because they clearly involved mere parroting and/or in light of the court's instruction that the jury "decide whether information on which the expert relied was true and accurate." Even assuming that the state appellate court's conclusion that no Confrontation Clause violation occurred was error, we conclude that the error did not have a "substantial and injurious effect" on the outcome. *Ocampo*, 649 F.3d at 1114.

Even if the challenged hearsay statements were excluded, Sergeant Livingston's opinion that the robbery was gang-related was primarily supported by other evidence. Sergeant Livingston's opinion was based in part on his extensive and personal experience as a gang officer. He testified about his personal observation of evidence of the defendants' gang membership during various searches of their residences, such as firearm ammunition and Shalu Gardens gang

4 16-15984

graffiti throughout Zavala's residence. He also based his opinion on Zavala's tattoos, which he testified he believed confirmed his gang membership.

Sergeant Livingston's opinion was also based on how the robbery was committed. He testified that gang members often commit violent crimes to earn money for the gang and to deter victims and witnesses. He further explained that drug dealers are particularly common robbery targets for gangs because they have money and drugs and often won't notify the police when they are robbed.

The government also presented evidence to support the gang-related enhancement beyond just Sergeant Livingston's testimony. For example, one of Zavala's co-defendants testified, implicated his codefendants, and identified Zavala and another co-defendant as affiliated with a gang. Therefore, even if the trial court's Confrontation Clause ruling was error, we are unable to conclude that the error had a "substantial and injurious effect or influence" such that habeas relief would be appropriate. *Id.*[1]

Zavala also raised two uncertified issues in his brief. Under Ninth Circuit Rule 22-1(e) "[u]ncertified issues raised and designated in this manner will be construed as a motion to expand the [certificate of appealability] and will be addressed by the merits panel to such extent as it deems appropriate."

---

[1] Because we affirm the denial of habeas relief on this basis, we do not address the state appellate court's alternative holding that Zavala failed to preserve his Confrontation Clause challenge.

First, Zavala argues that his Fourteenth Amendment right to a fair trial was violated when the trial court denied his motion to bifurcate the trial of his robbery from the gang enhancement. Yet no clearly established federal law creates a right to bifurcate a trial. *See Spencer v. Texas*, 385 U.S. 554, 567–68 (1967).

Second, Zavala argues that his Sixth Amendment right to trial by an unbiased jury was violated when the court failed to dismiss jurors exposed to mouthing words and gesturing by a prosecution witness. "[P]rivate communications, possibly prejudicial, between jurors and . . . witnesses . . . are absolutely forbidden." *Mattox v. United States*, 146 U.S. 140, 150 (1892).

Here, a witness was on the stand and under oath when he faced the jury and mouthed "they did it" while pointing to the defendants and making an obscene gesture at them. Counsel and the judge were having a discussion while this occurred and did not see it. The lower courts held that the witness's unprompted gesture while on the witness stand was not private and is akin to testimony of a witness that is not responsive to any question. Zavala does not cite any controlling federal authority to the contrary.

Even if the gesture on the stand did amount to a private communication, the court alleviated any prejudice caused by the gesture through examining the impact of the gesture on the two jurors that read the witness's lips. Only one of these jurors said that she could not consider the witness's testimony without considering

16-15984

the gesture. This juror was excused. Accordingly, the witness's gesture and mothing words were harmless because the trial court released the only juror who read the witness's lips and was affected by the communication.

In sum, Zavala fails to make a substantial showing of the denial of a constitutional right for either of the uncertified issues. Therefore, we decline to expand the certificate of appealability.

**AFFIRMED**.

16-15984